UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROLL NOBLE ROSE and<br>ORDEEN NOBLE FRANCIS<br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br>    *Defendant.* | No. 3:21-cv-01217 (VAB) |

**RULING AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND COMPLAINT**

Caroll Noble Rose and Ordeen Noble Francis (together, "Plaintiffs") initiated this action in August 2021 against United Property and Casualty Insurance Company ("United Property"). Compl., ECF No. 1-2 (Sept. 13, 2021) ("Compl."). Plaintiffs allege that, in response to an electrical fire that damaged Plaintiffs' residence in Bridgeport, Connecticut, United Property acted in bad faith, breached their contract by not fully paying for Plaintiffs' loss, and acted negligently in adjusting and handling the claim. Plaintiffs also raise a CUTPA/CUIPA claim.

On September 13, 2021, United Property, a Florida corporation with its principal place of business in St. Petersburg, Florida, removed this case from the Superior Court for the Judicial District of Fairfield on the basis of diversity jurisdiction. Def., United Property & Casualty Insurance Company's Not. of Removal at 1–2, ECF No. 1 (Sept. 13, 2021) ("Not. of Removal").

On October 27, 2021, United Property moved for partial judgment on the pleadings as to Count Three and Count Four of Plaintiffs' Amended Complaint. Def.'s, United Property & Casualty Insurance Company's, Mot. for Partial J. on the Pleadings, ECF No. 19 (Oct. 27, 2021) ("Mot. for J.").

On December 16, 2021, Plaintiffs moved for leave to amend Count Three and Count Four of their Amended Complaint. Pls.' Mot. for Leave to Amend Compl., ECF No. 28 (Dec. 16, 2021) ("Mot. to Amend"); Second Am. Compl., ECF No. 28-1 (Dec. 16, 2021) ("Second Am. Compl.").

For the reasons that follow, United Property's motion for partial judgement on the pleadings is **DENIED,** and Plaintiffs' motion to amend is **DENIED** without prejudice to renewal, if the case is not remanded to state court.

By **September 23, 2022**, United Property shall show that the amount in controversy required for diversity jurisdiction can be satisfied. Failure to provide information indicating that the amount in controversy is greater than $75,000 will result in the case being remanded.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Factual Background**

Plaintiffs allege that they are the owners of and control property that, on or about March 17, 2021, was damaged by an electrical fire. Am. Compl. ¶¶ 1–13, ECF No. 16 (Oct. 13, 2021) ("Am. Compl."). Plaintiffs claim that they were owners and controlled the property at all relevant times, and that the property was insured under a homeowner's insurance policy issued by United Property during that time. *Id.* They sought coverage for their loss under the insurance policy. *Id.* ¶ 7.

United Property, through its agents, employees, and representatives, allegedly negligently adjusted and handled their claims (Count Three and Count Four). *Id.* ¶¶ 22, 31. Specifically, Plaintiffs claim that United Property failed to consider that a third party entered the insurance application and that Plaintiffs did not have contact with the third party, *id.* ¶¶ 22(a), 31(a); that United Property failed to "carefully review the information" Plaintiffs provided in the application

at the time it was submitted, *id.* ¶¶ 22(c), 31(c); and that the insurance application was misleading and subject to multiple interpretations, *id.* ¶¶ 22(d), 31(d). Once a claim was filed, Plaintiffs allege that United Property conducted an improper investigation and created issues of coverage concerning the home inspection report, from three years prior to the loss, in order to not honor the claim. *Id.* ¶¶ 22(b), 22(e), 31(b), 31(e).

Plaintiffs also contend that United Property breached the contract by failing to pay them fully for their loss (Count One and Count Two). *Id.* ¶¶ 7, 14. Through their actions, United Property allegedly also violated CUTPA/CUIPA (Count Five and Count Six). *Id.* ¶¶ 33–65. Plaintiffs also allege that United Property acted in bad faith (Count Seven and Count Eight). *Id.* ¶¶ 66–104. Plaintiffs ask that the Court order a declaratory judgment under Connecticut General Statutes § 52-29 finding that United Property has a contractual obligation to provide coverage for Plaintiffs' loss (Count Nine and Count Ten). *Id.* ¶¶ 105–143.

### B. Procedural Background

On August 27, 2021, Plaintiff filed this action in the Superior Court for the Judicial District of Fairfield. Compl.

On September 13, 2021, United Property removed this case from the Superior Court to the District Court on the basis of diversity jurisdiction. Not. of Removal.

On October 13, 2021, Plaintiffs filed an Amended Complaint. Am. Compl.

On October 27, 2021, United Property filed an Answer to the Amened Complaint, which also contains affirmative defenses and counterclaims. Def., United Property & Casualty Insurance Company's Answer to Amended Compl., Affirmative Defenses & Counterclaim, ECF No. 18 (Oct. 27, 2021) ("Answer").

Also on October 27, 2021, United Property moved for partial judgment on the pleadings as to Count Three and Count Four of Plaintiffs' Amended Complaint. Mot. for J.

On October 28, 2021, the parties submitted a Rule 26(f) report. Form 26(f) Report of Parties' Planning Meeting, ECF No. 20 (Oct. 28, 2021) ("Rule 26(f) Report").

On November 1, 2021, the Court adopted a pre-trial schedule of deadlines. Scheduling Order, ECF No. 21 (Nov. 1, 2021).

On November 15, 2021, Plaintiffs filed their reply to the affirmative defenses contained in United Property's Answer. Pls.' Reply to Affirmative Defenses, ECF No. 24 (Nov. 15, 2021).

Also on November 15, 2021, Plaintiffs filed their Answers and affirmative defenses to United Property's counterclaim. Pls.'/Counterclaim Defs.' Answer and Affirmative Defenses to Def.'s/Counterclaim Pl.'s Counterclaim, ECF No. 25 (Nov. 15, 2021).

On December 1, 2021, Plaintiffs objected to United Property's motion for partial judgment on the pleadings. Pls.' Obj. to Def.'s Mot. for Partial J. on the Pleadings, ECF No. 26 (Dec. 1, 2021) ("Obj. to Mot. for J.").

On December 8, 2021, United Property replied to Plaintiffs' objection to the motion for partial judgment on the pleadings. Def.'s, United Property & Casualty Insurance Company's, Reply to Pls.' Obj. to Mot. for Partial J. on the Pleadings, ECF No. 27 (Dec. 8, 2021) ("Reply to Mot. for J.").

On December 16, 2021, Plaintiffs moved for leave to amend their Amended Complaint in order to include additional allegations as to Count Three and Count Four of the Amended Complaint. Mot. to Amend.

On December 23, 2021, United Property objected to Plaintiffs' motion to amend. Def.'s, United Property & Casualty Insurance Company's, Obj. to Pls.' Mot. for Leave to Amend the Compl., ECF No. 30 (Dec. 23, 2021) ("Obj. to Mot. to Amend").

On January 6, 2022, Plaintiffs replied to United Property's objection to their request for leave to amend. Pls.' Reply to Def.'s Obj. to Pls.' Req. for Leave to Amend, ECF No. 32 (Jan. 6, 2022) ("Reply to Mot. to Amend").

## II.  STANDARD OF REVIEW

### A. Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard applicable to motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Accordingly, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted, such that it should be entitled to offer evidence to support its claim. *See id.* (citation omitted).

While a court must accept as true the allegations in a complaint, this requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and

5

conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In determining a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 Moore's Federal Practice 3D § 12.38 (2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a court need not convert a motion to dismiss into a motion for summary judgment when it considers "'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference,'" and noting that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint") (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### B. Motion to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

But where a party seeks leave to amend after the deadline to amend pleadings has passed, the Court has greater discretion to deny leave to amend. *See Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06-CV-1420 (AHN), 2008 WL 5117679, at *1 (D. Conn. Dec. 4, 2008) ("In other words, when the court issues a pretrial scheduling order [under] Fed. R. Civ. P. 16 that establishes a time table for amending pleadings, a plaintiff's ability to amend the complaint is governed by Rule 16, not Rule 15(a)." (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Carnrite v. Granada Hosp. Grp. Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997))). In these cases, a moving party may be required to demonstrate that there is "good cause" both to amend the scheduling order and to amend their pleading. *See Parker*, 204 F.3d at 340 ("[D]espite the lenient standard

7

of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). "[A] finding of 'good cause' depends on the diligence of the moving party." *Id.*

### III. DISCUSSION

#### A. Jurisdiction

The Court must first turn to subject matter jurisdiction.

Although neither party has suggested that the Court lacks jurisdiction, the Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (citation omitted). "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009).

As a general matter, "federal courts are courts of limited jurisdiction," meaning they are only authorized to resolve cases that either address questions of federal law or satisfy diversity jurisdiction requirements. *See* 28 U.S.C. §§ 1331, 1332; *Dupont*, 565 F.3d at 62. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002) (internal citation and quotation marks omitted). Where, as here, "the pleadings are inconclusive," "the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

"The party asserting federal jurisdiction must demonstrate federal subject matter jurisdiction by competent proof." *Royal Ins. Co. v. Jones*, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." *Fallstrom v. L.K. Comstock & Co.*, No. 3:99-cv-952 (AHN), 1999 WL 608835, at *1 (D. Conn. July 13, 1999) (quoting *Saint Paul Mercury Indem. Co. v. Red Cab. Co.,* 303 U.S. 283, 288–89 (1938)). However, "'[r]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Id.* (quoting *Leslie v. Banctec Serv. Inc.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996)).

Here, there is no issue concerning diversity of citizenship, but the Amended Complaint, in an attached "Statement Re: Amount in Demand," states that Plaintiffs seek damages "in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS exclusive of interest and costs." Am. Compl. at 27. United Property contends that "[u]pon information and belief, the amount in

9

controversy exceeds $75,000.00 exclusive of interest and costs." Notice of Removal at 2. Defendants' bare assertion is insufficient to confer subject matter jurisdiction over this matter.

Neither Plaintiffs' pleadings nor their attachments, provide information representing that the amount in controversy exceeds $75,000.00. The only references to a potential amount in controversy are the "subject loss" and the "outstanding mortgage," neither of which are defined in the complaints or the supporting documents. Am. Compl. at 25; Second Am. Compl. at 26. The Court is therefore unable to confirm that the amount in controversy meets the requirement outlined in the statute. *See, e.g.*, *Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 187 (D. Conn. 2014) (concluding that in declaratory judgment cases involving "the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy" (internal citations and quotation marks omitted)); *see also Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (noting that the Second Circuit "has recognize[d] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy").

Out of "respect for the limited jurisdiction of the federal courts," therefore, United Property is ordered to show cause as to why this case shall remain in federal court and not be remanded for failure to meet the requirements of 28 U.S.C. § 1332(a). *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted). Failure to show cause by **September 23, 2022** will result in the case being remanded to the Connecticut Superior Court.

### B. Motion for Partial Judgment on the Pleadings

United Property moves for partial judgment on the pleadings as to Count Three and Count Four of the Amended Complaint for failure to state a claim upon which relief can be granted. Mot. for J. at 1. They argue that "[n]egligent adjustment and handling of an insurance claim is not a recognized claim in Connecticut." Def.'s, United Property & Casualty Insurance Company's Mem. of Law in Supp. of Mot. for Partial J. on the Pleadings at 7, ECF No. 19-1 (Oct. 27, 2021) ("Mem. in Supp. of Mot. for J.") (citing *Allstate Ins. Co. v. Farmington Auto Park, LLC*, No. CV166033614S, 2017 WL 1429733 (Conn. Super. Ct. Mar 30, 2017)). United Property also alleges that the negligence claims are duplicative of the CUTPA/CUIPA claims, the bad faith claims, and the breach of contract claims. *Id.* at 8–10. Accordingly, Plaintiffs will allegedly suffer no prejudice from dismissal of the negligence claims. *Id.* at 9. United Property also notes that CUTPA "set forth requirements specific to claims against insurance carriers and recognized the permissible causes of action stemming from such claims," and that "[t]he Connecticut Supreme Court has determined that CUIPA provides the exclusive and comprehensive source of public policy with respect to the business of insurance." *Id.* at 9 (citing *Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 645 (2002)).

In response, Plaintiffs argue that Connecticut law supports brining a tort claim against insurers for adjustment and handling of insurance claims. Mem. of Law in Supp. of Pls.' Obj. to Def.'s Mot. for Partial J. on the Pleadings at 5–8, ECF No. 26-1 (Dec. 1, 2021) ("Obj. Mem. to Mot. for J.") (citing *Razor's Auto Body & Serv.s, LLC*, CV095010129S, 2009 WL 2872848, at *2 (Conn. Super. Ct. Aug. 11, 2009); *Corner House Condo. Ass'n v. State Farm & Cas. Co.*, No. HHDCV136068831S, 2018 WL 2418969 (Conn. Super. Ct. May 10, 2018); *Smith v. Home State Ins. Co. Spc.*, No. 3:10-CV-1046 (RNC), 2013 WL 12284914 (D. Conn. Mar. 31, 2013); *Afifi v.*

*Standard Fire Ins. Co.*, No. 29NNHCV116017083S, 2011 WL 5307371 (Conn. Super. Ct. Oct. 21, 2011); *Baroni v. W. Reserve Life Assurance Co.*, No. CV 990087965S, 1999 WL 810580 (Conn. Super. Ct. Sept. 29, 1999)). Moreover, they argue, the negligence claim is properly pled in the alternative to their other claims, which Connecticut courts have allowed. *Id.* at 8–11.

In reply, United Property acknowledges a split among the Connecticut Superior Courts as to whether to allow negligent claims handling and adjustment claims, but those "that have allowed a negligence claim to survive these motions do so only when all of the essential elements, including duty, are sufficiently pled." Reply to Mot. for J. at 4–5 ("This issue has not been definitively decided by Connecticut courts as there is no Appellate authority addressing whether negligent claim handling and adjustment is a recognized claim in this State."). Therefore, they argue, their motion for judgment should be granted.

The Court disagrees.

The *Allstate Insurance Co. v. Farmington Auto Park, LLC* case, concerning claims against an insurance company for an alleged failure to pay for vehicle towing charges, provides no support whatsoever for the conclusion that "negligent claims handling is not a recognized cause of action." 2017 WL 1429733, at *1. Though the Connecticut Supreme Court has not directly answered this question, it has made clear that "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both." *Stowe v. Smith*, 184 Conn. 194, 199 (1981). Additionally, both the District of Connecticut and several Connecticut Superior Courts have recognized negligence claims in cases concerning denial of coverage. *See Corner House Condo. Ass'n*, 2018 WL 2418969, at *3 (denying motion to strike a negligence claim against an insurance company for refusing to fully compensate the plaintiff for the damage to their property); *Smith*, 2013 WL 12284914, at *1

12

(denying summary judgment where an insurance company alleged that plaintiff could not recover on a theory of negligence against the company); *Afifi*, 2011 WL 5307371, at *3–4 (explicitly rejecting the argument that a negligence claim could not be brought against the insurance company, because a duty of care may arise); *Razor's Auto Body & Servs., LLC*, 2009 WL 2872848, at *2 (permitting both negligence and breach of covenant of good faith and fair dealing claims to proceed in a case concerning denial of coverage) (quoting *Hutchinson v. Farm Fam. Cas. Ins. Co.*, 273 Conn. 33, 42 n.4 (2005)).

The Connecticut Supreme Court has also not found that negligence claims are duplicative of the other claims brought in this case. Indeed, the Court finds ample support in the Connecticut Superior Court of negligence claims being considered along with the other claims in Plaintiffs' complaint. *See Corner House Condo. Ass'n*, 2018 WL 2418969 (denying motions to strike CUTPA, bad faith, and negligence claims in a case brought by a plaintiff against an insurance company that refused to pay for damages to the plaintiff's property); *Smith*, 2013 WL 12284914, at *1 (permitting both a negligence and bad faith claim to proceed in a claim against an insurance company); *Afifi*, 2011 WL 5307371, at *4 ("In the present case, the plaintiff may plead both negligence and breach of contract, even though both claims arise out of the same facts, so long as the elements of each claim are sufficiently alleged."); *Razors' Auto Body & Servs., LLC*, 2009 WL 2872848, at *1 (permitting CUTPA and breach of covenant claims to go forward in a case against an insurance provider and that also included a claim of negligence). The Court is also unaware of a case indicating that CUTPA or CUIPA prohibits any other type of claim against insurance companies. Contrary to United Property's claim, *Macomber* does not establish that CUIPA provides the exclusive and comprehensive source of public policy with respect to the business of insurance. Indeed, none of the cases cited to above, which include CUTPA or CUIPA

13

claims, allude to such a prohibition on tort or contractual claims due to the CUTPA/CUIPA claim.

If, as noted above and discussed further below, this case is not remanded, the Court intends to grant the motion to amend. As a result, in light of the changes made in the Second Amended Complaint, the Court finds moot any arguments concerning Plaintiffs' failure to sufficiently allege all of the elements of a negligence claim. Accepting all the claims as true, the Court does not find that Plaintiffs have failed to state a claim for which relief can be granted.

Accordingly, United Property's motion for partial judgment on the pleadings will be denied.

### C. Motion to Amend

Plaintiffs filed their motion for leave to amend their complaint, "for the purpose of including additional allegations in the Third and Fourth Counts." Mot. to Amend. at 1. The proposed Second Amended Complaint now states that United Property "owed its insureds . . . a duty of good faith and to treat her fairly and reasonably," Proposed Second Am. Compl. ¶¶ 22, 33, and that the same actions discussed in the Amended Complaint "breached [United Property's] duty of good faith and to treat the Plaintiff[s] reasonably and fairly," *id.* ¶¶ 24, 35.

United Property objects to the motion for leave to amend on the grounds that the proposed Second Amended Complaint is prejudicial to it, the proposed amendments are futile, and the proposed amendments are the result of undue delay. Obj. to Mot. to Amend at 1. According to United Property, the proposed amendments are prejudicial because it already "expended substantial time and resources fully briefing its pending Motion for Partial Judgment on the Pleadings and its Reply to the Plaintiffs' Objection," and it would be required to re-brief the motion. *Id.* at 1, 3.

The amendment would also allegedly be futile for the same reasons outlined in United Property's briefs concerning the motion for partial judgment on the pleadings, principally that these are "unrecognized claims in Connecticut and are needlessly duplicative of the Plaintiffs'" other claims and "negligent claim handling and adjustment is not a recognized claim in Connecticut." *Id.* at 2–4. Finally, United Property argues that the proposed amendments are the result of undue delay and that Plaintiffs have not set forth a reason why the additional allegations were not added until after the motion for partial judgment on the pleadings was fully briefed, as the additional allegations are not based on new facts that came to light. *Id.* at 4.

Plaintiffs respond that their motion to amend the pleadings was not untimely as it was filed before the deadline set in the Court's scheduling order. Reply to Mot. to Amend at 3–4. As of the filing of the reply, Plaintiffs note, United Property had not sent any written discovery requests or taken any depositions. *Id.* at 4. Moreover, there was no bad faith or undue prejudice in filing the motion. *Id.* at 4. Plaintiffs also argue that there is no prejudice to United Property in granting the motion because they do not set forth new theories, it would not require United Property to expend significant additional resources to conduct discovery or prepare for trial, and it would not significantly delay resolution of the dispute. *Id.* at 4–6 (citing *Conn. Light & Power Co. v. Usic Locating Servs.*, No. 20-CV-00403 (CSH), 2021 WL 3127071, at *3 (D. Conn. July 22, 2021)). A subsequent motion for judgment on the pleadings would also not be required because it would raise the same issues already raised in the earlier motion. *Id.* at 5. They also note that Plaintiffs are not afforded an opportunity to replead if a judgment on the pleadings is granted, and therefore an amendment should be freely given in the interests of justice. *Id.* at 3 (citing Fed. R. Civ. P. 12(c)).

The Court agrees.

First, United Property's claim that it would be unduly prejudiced is without merit. In their 26(f) Report, the parties agreed that Plaintiffs should be allowed until December 17, 2021 to file motions to amend the pleadings. Form 26(f) Report of Parties' Planning Meeting at 8, ECF No. 20 (Oct. 28, 2021). The Court subsequently adopted a pre-trial schedule allowing Plaintiffs to file motions to amend the pleadings by December 17, 2021. Scheduling Order, ECF No. 21 (Nov. 1, 2021). Plaintiffs timely filed this motion to amend on December 16, 2021. United Property claims that it would be prejudiced because it already expended "substantial time" briefing its motion for partial judgment on the pleadings. But it had filed its motion for partial judgment on the pleadings the day before filing the Rule 26(f) Report in which it agreed that Plaintiffs should file a motion to amend by December 17, 2021. It therefore should have known that a motion to amend could affect the outcome of its motion for partial judgment on the pleadings. *Cf. Parker*, 204 F.3d at 340 ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); *see also Tatem v. Perelmuter*, No. 3:18-CV-00382 (VAB), 2021 WL 165088, at *6 (D. Conn. Jan. 19, 2021) (concluding that there would be no prejudice to the nonmoving party where the nonmoving party had already filed an Answer but the motion to amend was filed within the time limit prescribed by the Court and discovery in the matter remained ongoing at the time of the filings). United Property's argument that granting the motion to amend will require it to expend additional time is also, on its own, insufficient to demonstrate prejudice. *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174–75 (S.D.N.Y. 2014) ("[A]llegations that an amendment will require the expenditure of additional time, effort, or

16

money do not themselves constitute undue prejudice." (internal citation and quotation marks omitted)).

In considering prejudice, the Court must also consider whether the non-moving party "would be required to expend significant additional resources to conduct discovery and prepare for trial, whether the amendment will significantly delay resolution of the dispute, whether the opposing party was on notice of the new claim, and whether the new claim derives from the same facts set forth" in the original complaint. *Censor v. ASC Techs. of Conn., LLC*, 900 F. Supp. 2d 181, 208 (D. Conn. 2012). The proposed Second Amended Complaint does not contain a new claim, such that United Property will be prejudiced by "[a] sharp change in litigation strategy after the non-moving party has devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008). Moreover, there is no reason to believe that the changes made in the Second Amended Complaint would require United Property to expend significant additional resources to conduct discovery and prepare for trial, especially if, as it argues in its motion for partial judgment on the pleadings, the relevant negligence claims are duplicative of Plaintiffs' other claims. The underlying facts relied upon remain unchanged. *Id.* at 385 ("Notice to the nonmoving party of the underlying facts relied upon in the new claim or cause of action weighs against a finding of prejudice to the nonmoving party." (citing *Kreppein v. Celotex Corp.*, 969 F.2d 1424, 1427 (2d Cir. 1992)). Under these circumstances, Defendants' claims of undue prejudice are overstated, and there is no justification for denying leave to amend.

Finally, the amendment is not futile for the reasons discussed in the Court's discussion of the motion for partial judgement on the pleadings.

Accordingly, if the case is not remanded to state court, then Plaintiffs' motion for leave to amend will be granted. But, until such time, the motion for leave to amend will be denied without prejudice to renewal.

## IV.    CONCLUSION

For the reasons explained above, United Property's motion for partial judgment on the pleadings is **DENIED**, and Plaintiffs' motion to amend will be **DENIED** without prejudice to renewal, if the case is not remanded.

By **September 23, 2022**, United Property shall show that the amount in controversy required for diversity jurisdiction can be satisfied. Failure to provide information indicating that the amount in controversy is greater than $75,000 will result in the case being remanded.

**SO ORDERED** at Bridgeport, Connecticut this 9th day of September, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE